IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAMONT ANDRE' WILLIAMS                                                                                    PLAINTIFF

v.                                     Civil No. 4:22-cv-04054

CORRECTIONAL DEPUTY JEREMIAH HATLEY                                         DEFENDANTS

**ORDER**

Plaintiff, Damont Andre' Williams, originally filed his 42 U.S.C. § 1983 action *pro se* on June 27, 2022. (ECF No. 1). The Court granted Plaintiff *in forma pauperis* status on the same date. (ECF No. 3). In its June 27, 2022 Order, the Court also advised Plaintiff that failure to keep the Court informed of his current address would subject his case to dismissal. (ECF No. 3). On November 1, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 21). Now before the Court, is Plaintiff's failure to comply with orders of the Court.

On January 26, 2023, Defendant filed a Motion for Summary Judgment. (ECF No. 16). On February 2, 2023, the Court directed Plaintiff to respond to Defendant's Motion by February 23, 2023. (ECF No. 20). The January 26, 2023 Order was sent to Plaintiff's address of record at the Miller County Detention Center. This Order was returned as undeliverable on February 10, 2023 marked "Not here." (ECF No. 22).

Pursuant to the Court's June 27, 2023 Order, Plaintiff was given thirty (30) days to inform the Court of his new address. (ECF No. 3). The Court has received no such notification, and to date, Plaintiff has not responded to Defendant's Motion for Summary Judgment.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of March 2023.

s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE